UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMES BESIGNANO,

                    Plaintiff,

        -against-

NANCY A. BERRYHILL,[1]
Commissioner of Social Security,

                  Defendant.
-----------------------------------------------------------------x

**SUMMARY ORDER**
12-CV-6123 (DLI)

**DORA L. IRIZARRY, Chief United States District Judge:**

Christopher James Bowes ("Mr. Bowes"), counsel to plaintiff James Besignano ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $35,267.50. (*See generally* Pl.'s Mem. in Supp. of § 406(b) Mot. ("Mem."), Dkt. Entry No. 30.) The Commissioner of Social Security ("Commissioner") does not oppose the motion. (*See* Dkt. Entry No. 31.) For the reasons set forth below, counsel is awarded $35,267.50 in attorney's fees, and is directed to refund Plaintiff $7,600.00 the amount previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**BACKGROUND**

Pursuant to a retainer agreement dated November 26, 2012, Plaintiff retained counsel to represent him in his pursuit of Social Security Disability ("SSD") benefits under the Social Security Act (the "Act"). (*See* Declaration of Christopher James Bowes, dated June 27, 2016 ("Bowes Decl."), Ex. A, Dkt. Entry No. 32.) On December 13, 2012, with the assistance of counsel, Plaintiff filed an appeal to challenge the final decision of the Commissioner, which affirmed an April 28, 2011, decision of the Administrative Law Judge ("ALJ"). (*See* Compl. ¶¶

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Therefore, the Court has substituted her as the named Defendant pursuant to Federal Rule of Civil Procedure 25(d).

10-11, Dkt. Entry No. 1.)  The ALJ found that Plaintiff was not disabled because he retained the capacity to perform sedentary work.  (*Id.* ¶ 10.)  On August 14, 2014, the Court issued an opinion and order reversing the Commissioner's decision in part and remanding the matter to the Commissioner for further administrative proceedings.  (*See* Dkt. Entry No. 23.)  By written stipulation approved and "So Ordered" by the Court on November 12, 2014, the parties agreed to an award of $7,600.00 in attorney's fees under the EAJA.  (*See* Dkt. Entry No. 27.)

Administrative proceedings resumed before a different ALJ in 2015, and the ALJ found Plaintiff disabled and entitled to SSD benefits.  (Bowes Decl. ¶¶ 12-13.)  On September 30, 2015, Plaintiff was advised that the Commissioner had withheld $35,267.50, or 25% of the past-due benefits payable to Plaintiff for potential attorney's fees.  (*Id.*)  Counsel now moves this Court to authorize attorney's fees in the amount of $35,267.50, representing the withheld funds (before applying the setoff for EAJA fees previously received).

## DISCUSSION

Under 42 U.S.C. § 406(b) of the Act ("§ 406(b)"), a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).  Where, as here, there is a contingency fee arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Factors a courts should consider in determining whether a fee is unreasonable include: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the

risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the fee agreement itself is a straightforward two-page document that was executed prior to filing Plaintiff's appeal. The fee agreement provides that, "the contingency fee paid to this firm shall be 25% of all retroactive or past due social security disability benefits awarded to [Plaintiff.]" (Bowes Decl., Ex. A.) On its face, the agreement is reasonable, as the 25% fee it provides for is a standard contingency fee in Social Security cases. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 803 (2002) ("Characteristically . . . attorneys and clients enter into contingent-fee arrangements specifying that the fee will be 25 percent of any past-due benefits . . .") (internal quotation marks and citation omitted). Additionally, there is no indication in the record or allegations that the agreement is the product of fraud or overreaching or that Plaintiff's counsel caused a delay that inflated the requested fees. Therefore, the Court finds that the agreement is reasonable and should be enforced unless it results in a windfall to counsel.

The requested fee award does not constitute a windfall to Plaintiff's counsel. Mr. Bowes seeks an award of attorney's fees in the amount of $35,267.50 for 43.5 hours of work on behalf of Plaintiff before this Court. (Bowes Decl. ¶ 22.) This is equivalent to an hourly rate of $810.74. (*Id.*) Although this amount appears considerable relative to the hours worked, it falls within the range of awards found both "reasonable" and as not constituting a windfall under § 406(b) by other courts in this circuit. *See Kazanjian*, 2011 WL 2847439, at *2 (approving award equivalent to hourly fee of $2,100.00); *Diz v. Astrue*, 2010 WL 322028, at *2 (E.D.N.Y. Jan. 26, 2010) (granting award of 25% past-due benefits in an amount equivalent to $825.00 hourly rate for 17.4 hours worked); *Joslyn v. Barnhart*, 389 F. Supp.2d 455-57 (W.D.N.Y. 2005) (awarding as reasonable attorney's fees 25% past-due benefits equivalent to $891.61 hourly rate). The award does not

constitute a windfall when viewed against the positive result obtained by counsel, and the risk of loss Mr. Bowes assumed in taking Plaintiff's case on a contingency basis. Accordingly, counsel's unopposed motion for $35,267.50 in attorney's fees is granted.

Finally, although fees are permitted under both the EAJA and § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (internal citation and quotation marks omitted). Here, Plaintiff's counsel recovered $7,600.00 in attorney's fees under the EAJA and must return that amount to Plaintiff from the payment awarded under § 406(b).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's counsel's unopposed motion is granted, and attorney's fees are awarded in the amount of $35,267.50 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is directed to remit to Plaintiff the $7,600.00 previously awarded as attorney's fees under the EAJA.

SO ORDERED.

Dated: Brooklyn, New York
       April 6, 2017

_____/s/_____
DORA L. IRIZARRY
Chief Judge